FILED
IN CLERKS OFFICE
2015 SEP 14 PM 3 57
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NUMBER

JEFFREY D. SUMMERS,
And
JEFFREY'S HOUSE, INC.
        Plaintiffs
V.
CITY OF FITCHBURG, and
MARK A. GOLDSTEIN,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS
ASSISTANT CITY SOLICITOR OF
THE CITY OF FITCHBURG; and
JEFFREY P. STEPHENS,
 INDIVIDUALLY AND IN HIS OFFICIAL
 CAPACITY AS HEALTH INSPECTOR
 OF THE CITY OF FITCHBURG; and
JOHN J. MORAN SR.,INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
 BUILDING INSPECTOR OF
THE CITY OF FITCHBURG; and
ROBERT LANCIANI, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS
BUILDING COMMISSIONER OF THE
CITY OF FITCHBURG; and PHIL JORDAN,
SALLY TATA, AND KEVIN ROY, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES AS
LIEUTENANTS AND CHIEF OF
THE CITY OF FITCHBURG FIRE PREVENTION
BUREAU; AND OTHER AS YET UNNAMED
OFFICIALS OF THE CITY OF
FITCHBURG; INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY AS
OFFICIALS OF THE CITY OF FITCHBURG,
        Defendants

**COMPLAINT**

1

## Jurisdiction

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The Massachusetts Declaration of Rights, M.G.L.A. c. 12 s. 11H-I, and M.G.L.A. c. 258, where citizens allege violations of their federal constitutional rights and of a state constitutional rights and a state statute in transactions and occurrences taking place within this district.

## Parties

1. Jeffrey D. Summers is the President, Director, and Clerk of Jeffrey's House, Inc., a 501 © (3) tax exempt organization that is active with the Massachusetts Secretary of State's Office and the Internal Revenue Service.

2. Jeffrey's House Inc., has a mailing address of 51 Grace Street, Malden, Massachusetts 02148, and has been operating sober homes in Fitchburg, Massachusetts since 2012. The addresses of the homes are 499 Water Street, Fitchburg, MA, 10 Burnett Street, Fitchburg, MA, 33 Garnet Street, Fitchburg, MA , and 205-207 High Street, Fitchburg, MA.

3. Mark A. Goldstein, Esquire, was the Assistant City Solicitor of The City of Fitchburg, at the time of all transactions and occurrences that are the subject of this complaint and has an office address of 144 Central Street, Suite 101, Gardner, MA 01440.

4. Jeffrey P. Stephens and Stephen Curry of Fitchburg, Massachusetts were both Health Inspectors at the time of all transactions and occurrances that are the subject of this complaint.

5. John J. Moran SR., of Fitchburg, Massachusetts was the Building Inspector at the time of all transactions and occurrences that are the subject of this complaint.

6. Robert Lanciani of Fitchburg, Massachusetts was the Building Commissioner at the time of all transactions and occurrances that are the subject of this complaint.

7. Kevin Roy of Fitchburg, Massachusetts was the Chief of the Fitchburg Fire Department at the time of all occurrances that are the subject of this complaint.

8. Phil Jordan of Fitchburg, Massachusetts was the Lieutenant of the Fitchburg Fire Department at the time of all occurrances that are the subject of this complaint.

9. Sally Tata of Fitchburg, Massachusetts was the Lieutenant of the Fitchburg Fire Department at the time of all occurrances that are the subject of this complaint.

10. The City of Fitchburg is a municipality, being a government entity organized under the laws of the Commonwealth of Massachusetts and subject to the duties and requirements imposed by the Massachusetts Declaration of Rights, The U.S. Constitution and applicable state and federal law.

## Facts

11. Plaintiff Jeffrey D. Summers is the President and Director of Jeffrey's House Inc., a 501 © (3) Public Charity, that provides residential sober housing for individuals in recovery from a substance abuse disorder, by grouping them with like minded individuals in a drug and alcohol-free environment. All residents of our homes are currently in recovery from drugs or alcohol.

12. The Americans with Disabilities Act (ADA) and the Fair Housing Amendments Act of 1988 (FHAA), codified at 42 U.S.C. 3601-3619 defines persons in recovery from drugs and alcohol as disabled. A refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such persons equal opportunity to use and enjoy a dwelling is a violation of the above cited federal laws.

13. On **February 2, 2013** Health Inspector Stephen Curry made disparaging and untrue statements about our organization in an article in the Worcester Telegram and Gazette, written by Paula J. Owens. Mrs. Owens contacted me for a rebuttal and I informed her that we were a sober house not a lodging house, and that all of our residents were disable and covered under The Americans with Disabilities Act (ADA). Building Commissioner, Robert Lanciani was quoted in the article saying that, " A lodging house desination means the home must comply with state building codes, including a sprinkler system and fire alarms."

14. On **April 13, 2013**, Health Inspector, Jeffrey P. Stephens came to 499 Water Street unannounced to perform a building inspection. He was there for approximately one hour and upset several of the residents before leaving with a list of alleged violations. As a licensed Construction Supervisor (CSL), myself, I found it unusual that the Health

3

Inspector was doing a residential building inspection. However, on April 17, 2013, Inspector Stephens returned to 499 Water Street along with Building Inspector, John Moran, and the two of them found additional violations.

15. On **May 13, 2013** Health Inspector, Jeffrey Stephens and Building Inspector, John Moran returned to 499 Water Street to re-inspect the previous "Violations," that I fixed, but they said the improvements weren't satisfactory.

16. On **August 21, 2013** I was "strongly advised" to come to a meeting at Fitchburg City Hall, 166 Boulder Drive, to discuss my alleged "Illegal occupany," at which time I was told to cease and desist all operations. At that meeting were Health Inspectors Jeffrey Stephens and Stephen Curry, Building Commissioner, Robert Lanciani, and Building Inspector, John Moran.

17. On **September 11, 2013** Building Inspector, John Moran and Health Inspector Jeffrey Stephens returned to 499 Water Street, and signed off that "All violations corrected." However, on **December 5, 2013** I received a letter from Building Commissioner, Robert Lanciani to my property located at 10 Burnett Street, ordering me to cease and desist because of an alleged violation of the zoning ordinance.

18. On **January 22, 2014** I received another letter from Building Commissioner, Robert Lanciani to my property located at 33 Garnet Street, ordering me to cease and desist because of an alleged violation of the zoning ordinance.

19. On **March 18, 2014** I received a Summons and Order of Notice, at all of my Fitchburg properties and at my home address from Asst. City Solicitor, Mark Goldstein, to appear in Housing Court on **April 25, 2014**.

20. On **April 25, 2014**, I appeared in Worcester Housing Court, at which time all three houses were combined into one case/docket. Representing the City of Fitchburg were Building Commissioner, Robert Lanciani and City Solicitor, Mark Goldstein; I represented myself. Both sides presented their evidence to Judge Diane H. Horan, and she ruled that I could continue operating my sober houses. City Solicitor, Goldstein and Building Commissioner, Lanciani insisted that I request in writing to be allowed a "Reasonable Accommodation," from the City of Fitchburg.

21. On **May 5, 2014** I wrote Building Commissioner, Robert Lanciani a letter requesting a "Reasonable Accommodation,' from the City of Fitchburg's Zoning ordinance, and on **May 30, 2014** Building Commissioner, Lanciani acknowledged my

4

request. In granting my request, Commissioner Lanciani wrote, "Based upon the above, The City of Fitchburg will allow a reasonable accommodation in their Zoning Ordinance concerning the use of the above referenced properties as a sober house for disabled persons recovering from alcohol or drug addiction."

22. On **June 9, 2014,** I received a letter from Assistant City Solicitor, Mark A. Goldstein, ESQ., informing me that all three court cases/docket #'s 14H5C000298, 14H5C000299, 14H5C000300 had been dismissed.

23. On **July 10, 2014**, I received a Certified Letter from Lt. Sally Tata from the City of Fitchburg Fire Prevention Bureau, informing me that because of my letter submitted to the City of Fitchburg dated **May 5, 2014** requesting a "Reasonable Accommodation," that I was now in violation of the city's fire prevention code.

24. On **February 20, 2015,** I received another Certified Letter from The Fitchburg Fire Prevention Bureau, this time from Chief, Kevin Roy and Lt. Phil Jordan. This letter was to inform me that under M.G.L. c. 148 and 26H, I had to immediately install sprinkler systems in all my properties. However, Section 26H. Lodging or Boarding Houses; Automatic Sprinkler Systems says: "Fraternity houses or dormitories, rest homes, or group residences licensed or regulated by agencies of the commonwealth DO NOT HAVE TO INSTALL SPRINKLERS." **THIS TYPE OF DISCRIMINATORY ZONING IS A CLEAR VIOLATION OF ADA AND FHAA FEDERAL LAWS.**

25. On **April 9, 2015**, I received three more certified letters (one for each property) from The Fitchburg Fire Department summonsing me to appear in The Worcester Housing Court on **May 1, 2015.** On **May 1, 2015**, I appeared in court again representing myself, and I was opposed by Fitchburg Assistant City Solicitor, Mark Goldstein, Lt. Phil Jordan, and Chief, Kevin Roy. This case was again handled by Judge Diane H. Horan. Both sides presented their evidence and Judge Horan said she'd inform us of her decision through the mail.

26. On **July 17, 2015**, I was summonsed back to Worcester Housing Court on contempt of court charges, because Judge Horan ruled against me without ever informing me. The contempt charges were removed because the judge didn't give me the proper notice as she said she would. At that time I informed Judge Horan that I would not be installing sprinkler systems at any of my properties, but would instead lower my occupany to 5 people per house until this case was closed or further adjudicated by a higher court.

5

27. On **July 28, 2015** I received a letter from Assistant City Solicitor, Mark A. Goldstein, that said, "Per your statement in court on **July 17, 2015** that you would not be installing sprinkler systems, we will need a letter saying as much." He also said that if I agree to allowThe City of Fitchburg Fire Department to make "Sporadic inspections to verify the number of individuals residing at the properties," that he would dismiss all the court cases.
Sporatically inspecting persons with disabilities is a violation of ADA, FHAA, and HIPPA Laws, and the fact that City Solicitor, Goldstein offered me such a deal is bribery, coercion, and intimidation, and harrassment.

28. On **August 11, 2015**, I received another Certified Letter informing me that The Fitchburg Fire Department, along with Assistant City Solicitor, Mark A. Goldstein were taking me back to Worcester Housing Court for the same violations, on **September 25, 2015.**

29. On **August 17, 2015**, – I was notified by one of my residents at 33 Garnet Street, that we had a huge orange "Cease and Desist," sticker on the front door. I immediately went to Fitchburg City Hall to inquire about why we had the sticker. I was notified by Building Inspector, John Moran (where have we heard that name before) that a door had been installed illegally at the back of the house and that it was a $300.00 dollar fine for doing work without a permit. I explained to him that the old one broke on Saturday, and that I had no choice in replacing it right away because of the hazard it imposed. Inspector Moran, along with Commissioner Lanciani (another familiar name) insisted that I had to pay the $300.00 dollar fine and that there was no getting around it. When I asked for the statue stating this, no one in the office could find it.

30. In a federal case that is the mirror image of this one, Oxford House, a sober home for recovering addicts in New Haven Connecticut, received a $37,000 dollar judgment and more than $234,000 dollars in legal fees and cost following an eight-day trial in the United States District Court, District of Connecticut. According to a 70-page ruling by District Judge Gerard L. Goettel, the City of West Haven and the First Fire District of the City of West Haven violated the Fair Housing Amendments Act (FHAA) by enforcing its regulations and codes and not granting a reasonable accommodation.
The Department of Justice (DOJ) recently raised the maximum civil penalties for housing discrimination complaints as follows: For the FHA a first violation has increased from $55,000 to $75,000; for a subsequent violation the new maximum is $150,000. The ADA increases are the same as the FHA.

6

## Claims for Relief

### Count I.
### (CONSPIRACY TO VIOLATE CIVIL RIGHTS)

31. Plaintiffs hereby re-allege and hereby incorporate them by reference as if fully set forth here in paragraphs 1-30.

32. Plaintiffs Jeffrey D. Summers, Jeffrey's House Inc., and its residents were intimidated, threatened, harrassed, and coerced to accept the city's discriminatory practices or cease and desist.

33. Plaintiff Jeffrey D. Summers has suffered lasting emotional, physical, and financial harm, and a continuing deprivation and devaluation of his property and dignity interest as a result.

### Count II.
### (ADA and FHAA VIOLATIONS)

34. Plaintiffs hereby realleges all paragraphs and all claims for relief and incorporate them by reference into this account.

35. As far back as February 2, 2013, when the defamatory article was written in the Worcester Telegram and Gazette, Plaintiff Jeffrey D. Summers, informed the City of Fitchburg and its officials that the residents in his houses were disabled and therefore protected under ADA and FHAA laws.

36. Assistant City Solicitor, Mark A. Goldstein, Building Commissioner, Robert Lanciani, Fire Prevention Bureau Lts., Sally Tata, and Phil Jordan, intentionally and willfully conspired with one another to grant Jeffrey D. Summers and Jeffrey's House Inc., a reaonable accommodation, to end one court case, to then use it against us in starting another court case.

37. Defendants' repeated selective enforcement of the law for the benefit of similarly situated property owners (namely fraternity houses and dormortories located near the campus of Fitchburg State University, the city's number one employer) and against the Plaintiffs violated Plaintiffs' rights to equal protection of the laws and the

7

privileges and immunities of citizenship enumerated in U.S.CA. Const. Amend. 5 and U.S.C.A. Const. Amend. 14.

## Count III.
## (OUTRAGE/INFLICTION OF EMOTIONAL DISTRESS)

38. Plaintiffs hereby re-allege all paragraphs of all counts and incorporates them by reference into this count.

39. All Defendants knew or should have known that they subjected Plaintiff, Jeffrey D. Summers to a stark deprivation of his constitutionally protected property and dignitary interests.

40. Defendants' acts toward Plaintiffs shock the conscience of a civilized community.

41. Defendants' acts toward Plaintiffs constitute negligently and intentionally inflicted emotional distress.

## Count IV.
## (SELECTIVE ENFORCEMENT IN VIOLATION OF EQUAL PROTECTION CLAUSE)

42. Plaintiffs hereby re-allege all paragraphs of all counts and incorporates them by reference into this count.

43. Defendants intentionally, willfully, recklessly and repeatedly harassed, abused and humiliated Plaintiff although they knew he committed no crime and failed to sanction or prosecuted others they knew were violating local ordinances for imperrmissible reasons.

44. Defendants' repeated selective enforcement of the law for the benefit of similarly situated property owners (namely fraternity houses and dormortories located near the campus of Fitchburg State University, the city's number one employer) and against the Plaintiffs violated Plaintiffs' rights to equal protection of the laws and the privileges and immunities of citizenship enumerated in U.S.CA. Const. Amend. 5 and U.S.C.A. Const. Amend. 14.

## Count V.
### (INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS)

45. Plaintiffs hereby re-allege all paragraphs of all counts and incorporates them by reference into this count.

46. The Defendants' conduct has interfered with and damaged present and potential business relationships between Plaintiffs and his residents, as well as others in their professional community.

47. Plaintiff purchased another property located at 205-207 High Street, Fitchburg, Massachusetts approximately one year ago, but has gone through great pains to hide it from city officials in order to protect the residents, avoid additional harrassment, and to avoid being hauled into court.

48. As a result, Plaintiffs' ability to earn a living has been damaged and he has endured financial losses.

WHEREFORE the Plaintiffs demand judgement against the Defendants, in an amount to be determined by this litigation, together with interest and cost and trial by jury on all counts and all issues.

## Demand for Jury Trial

Plaintiffs respectfully demand a trial by jury on all issues to the full extent provided by law.

WHEREFORE Plaintiffs, Jeffrey D. Summers and Jeffrey's House Inc., pray for judgement:

1. Awarding Plaintiffs compensatory damages, with interest;
2. Awarding Plaintiffs punitive damages;
3. Awarding Plaintiffs cost, including reasonable attorney's fee, pursuant to 42 U.S.C.A 1985, 42 U.S.C. 1988 and G.L. c. 12 11I.
4. Granting Plaintiffs appropriate injunctive and declaratory relief.
5. Granting such other and further relief as the Court may deem just and proper.

Dated: September 15, 2015

Respectfully submitted,
Jeffrey D. Summers, and
Jefffrey's House, Inc.
By Jeffrey D. Summers, Pro SE

*Jeffrey D. Summers, Pro SE* (signature)

Jeffrey D. Summers, Pro SE
51 Grace Street
Malden, MA 02148
617-680-6247
sumjeff44@gmail.com

10