UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEFFREY D. SUMMERS,<br>And<br>JEFFREY'S HOUSE, INC.<br>        Plaintiffs<br>V.<br>CITY OF FITCHBURG, and<br>MARK A. GOLDSTEIN,<br>INDIVIDUALLY AND IN HIS<br>OFFICIAL CAPACITY AS<br>ASSISTANT CITY SOLICITOR OF<br>THE CITY OF FITCHBURG; and<br>JEFFREY P. STEPHENS,<br> INDIVIDUALLY AND IN HIS OFFICIAL<br> CAPACITY AS HEALTH INSPECTOR<br> OF THE CITY OF FITCHBURG; and<br>JOHN J. MORAN SR., INDIVIDUALLY<br>AND IN HIS OFFICIAL CAPACITY AS<br> BUILDING INSPECTOR OF<br>THE CITY OF FITCHBURG; and<br>ROBERT LANCIANI, INDIVIDUALLY AND<br>IN HIS OFFICIAL CAPACITY AS<br>BUILDING COMMISSIONER OF THE<br>CITY OF FITCHBURG; and PHIL JORDAN,<br>SALLY TATA, AND KEVIN ROY, INDIVIDUALLY<br>AND IN THEIR OFFICIAL CAPACITIES AS<br>LIEUTENANTS AND CHIEF OF<br>THE CITY OF FITCHBURG FIRE PREVENTION<br>BUREAU; AND OTHER AS YET UNNAMED<br>OFFICIALS OF THE CITY OF<br>FITCHBURG; INDIVIDUALLY AND IN<br>THEIR OFFICIAL CAPACITY AS<br>OFFICIALS OF THE CITY OF FITCHBURG,<br> Defendants | CIVIL ACTION<br>DOCKET NUMBER<br>1:15-CV-13358-DJC<br><br><br><br><br><br><br><br><br>COMPLAINT |

Jurisdiction

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The Massachusetts Declaration of Rights, M.G.L.A. c. 12 s. 11H-I, and M.G.L.A. c. 258, where citizens allege violations of their federal constitutional rights and of a state constitutional rights and a state statute in transactions and occurrences taking place within this district.

Parties

1.  Jeffrey D. Summers is the President, Director, and Clerk of Jeffrey's House, Inc., a 501 © (3) tax exempt organization that is active with the Massachusetts Secretary of State's Office and the Internal Revenue Service.

2. Jeffrey's House Inc., has a mailing address of 51 Grace Street, Malden, Massachusetts 02148, and has been operating sober homes in Fitchburg, Massachusetts since 2012. The addresses of the homes are 499 Water Street, Fitchburg, MA, 10 Burnett Street, Fitchburg, MA, 33 Garnet Street, Fitchburg, MA , and 205-207 High Street, Fitchburg, MA.

3. Mark A. Goldstein, Esquire, was the Assistant City Solicitor of The City of Fitchburg, at the time of all transactions and occurrences that are the subject of this complaint and has an office address of 144 Central Street, Suite 101, Gardner, MA 01440.

4. Jeffrey P. Stephens and Stephen Curry of Fitchburg, Massachusetts were both Health Inspectors at the time of all transactions and occurrences that are the subject of this complaint.

5. John J. Moran SR., of Fitchburg, Massachusetts was the Building Inspector at the time of all transactions and occurrences that are the subject of this complaint.

6.  Robert Lanciani of Fitchburg, Massachusetts was the Building Commissioner at the time of all transactions and occurrences that are the subject of this complaint.

7. Kevin Roy of Fitchburg, Massachusetts was the Chief of the Fitchburg Fire Department at the time of all occurrences that are the subject of this complaint.

8. Phil Jordan of Fitchburg, Massachusetts was the Lieutenant of the Fitchburg Fire Department at the time of all occurrences that are the subject of this complaint.

9. Sally Tata of Fitchburg, Massachusetts was the Lieutenant of the Fitchburg Fire Department at the time of all occurrences that are the subject of this complaint.

10. The City of Fitchburg is a municipality, being a government entity organized under the laws of the Commonwealth of Massachusetts and subject to the duties and requirements imposed by the Massachusetts Declaration of Rights, The U.S. Constitution and applicable state and federal law.

Preliminary Statement

Plaintiff Jeffrey D. Summers is the President and Director of Jeffrey's House Inc., a 501 (c)(3) public charity, that provides residential sober housing for individuals in recovery from a substance abuse disorder, by grouping them with like-minded individuals in a drug and alcohol-free environment.  The premise of sober housing to help people recovering from drug and alcohol abuse live with individuals that are also recovering from the same sickness and give support to each other, similar to the methods developed and perfected in AA.

Mr. Summers bought the homes, made all of the necessary repairs and opened each home with the purpose of helping people in the community recover from drug and alcohol addiction.

Plaintiff is asserting the because of the nature of the sober house and the issues that come with having sober houses in a community. The City of Fitchburg Massachusetts and its city officials have conspired to use the process to intimidate and close the sober houses by either invoking laws that should not be enforced or by trying to financially bankrupt the charity and displace the people that are trying to recover from addiction. Plaintiff asserts that the charity and the residence of the sober homes are protected by state and federal law and the persistence of trying to fine, levy antiquated rules when permissions were granted and by ordering unnecessary or unneeded repairs that cost more than what the homes are worth. By using the legal process and trying to financially destroy the owners of the sober homes, the City of Fitchburg is using less than honorable means to deter or hinder the recovery of it inhabitants and violating Federal laws regarding the discrimination against people with disabilities. Furthermore, it is the Plaintiffs assertion that while the city is violating Federal Law by discriminating against the residents of the

sober homes in Fitchburg, they are also resorting to tactics designed to inflict emotional distress on each residence as they feel that their exit of the sober home is imminent because of the tactics employed by the City. Plaintiff has on several occasions received memo's, fines, and notices that come directly from the residents of the homes instead of using the proper channels of notifying the owner as they have his name, his address, and his phone number. The employing these means of intimidation and abuse of the legal process has caused the residents to fear for their recovering and seek other less secure places to live. In essence seeking other places to live can put their recovery in jeopardy and cause each individual to re-engaged in the same behavior that led them down the path of drug abuse. Jeffery House is not run by the city nor is it city funded. It is a private for profit business where each resident is essentially a client of the home and has Plaintiff has a responsibility to maintain a dwelling that accommodates each of the residents that have disabilities. Plaintiff asserts that the actions taken by the city are also interfering with Plaintiff's contractual relationships with his residents.
Plaintiff is seeking injunctive relief and damages.

## General Allegations

13. On February 2, 2013, Health Inspector Stephen Curry made disparaging and untrue statements about our organization in an article in the Worcester Telegram and Gazette, written by Paula J. Owens. Mrs. Owens contacted me for a rebuttal and I informed her that the dwelling a sober house not a lodging-house, and that all of our residents were disable and covered under The Americans with Disabilities Act (ADA). Building Commissioner, Robert Lanciani was quoted in the article saying that, "A lodging house designation means the home must comply with state building codes, including a sprinkler system and fire alarms."

14. On April 13, 2013, Health Inspector, Jeffrey P. Stephens came to 499 Water Street unannounced to perform a building inspection. He was there for approximately one hour and upset several of the residents before leaving with a list of alleged violations. Plaintiff,

a licensed Construction Supervisor (CSL), found it unusual that the Health Inspector was doing a residential building inspection. However, on April 17, 2013, Inspector Stephens returned to 499 Water Street along with Building Inspector, John Moran, and the two of them found additional violations.

15. On May 13, 2013, Health Inspector, Jeffrey Stephens and Building Inspector, John Moran returned to 499 Water Street to re-inspect the previous "Violations," that were fixed, but they said the improvements weren't satisfactory.
16. On August 21, 2013, Plaintiff was "strongly advised" to come to a meeting at Fitchburg City Hall, 166 Boulder Drive, to discuss my alleged "Illegal occupancy," at which time Plaintiff was told to cease and desist all operations. At that meeting were Health Inspectors Jeffrey Stephens and Stephen Curry, Building Commissioner, Robert Lanciani, and Building Inspector, John Moran.

17. On September 11, 2013, Building Inspector, John Moran and Health Inspector Jeffrey Stephens returned to 499 Water Street, and signed off "All violations corrected."
On December 5, 2013, Plaintiff received a letter from Building Commissioner, Robert Lanciani to property located at 10 Burnett Street, ordering Plaintiff to cease and desist because of an alleged violation of the zoning ordinance. This is after all of the violations were corrected as ordered previously.

18. On January 22, 2014, Plaintiff received another letter from Building Commissioner, Robert Lanciani to property located at 33 Garnet Street, ordering to cease and desist because of an alleged violation of the zoning ordinance.

19. On March 18, 2014, Plaintiff received a Summons and Order of Notice, at all Fitchburg properties owned by Plaintiff and at Plaintiff's home address from Asst. City Solicitor, Mark Goldstein, to appear in Housing Court on April 25, 2014.

20. On April 25, 2014, Plaintiff appeared in Worcester Housing Court, at which time all three houses were combined into one case/docket. Representing the City of Fitchburg

were Building Commissioner, Robert Lanciani and City Solicitor, Mark Goldstein; Plaintiff appeared Pro Se. Both sides presented their evidence to Judge Diane H. Horan, and she ruled that Plaintiff could continue operating the sober houses. City Solicitor, Goldstein and Building Commissioner, Lanciani insisted that Plaintiff requests in writing to be allowed a "Reasonable Accommodation," from the City of Fitchburg.

21. On May 5, 2014, Plaintiff wrote Building Commissioner, Robert Lanciani a letter requesting a "Reasonable Accommodation,' from the City of Fitchburg's Zoning ordinance, and on May 30, 2014, Building Commissioner, Lanciani acknowledged my request. In granting my request, Commissioner Lanciani wrote, "Based upon the above, The City of Fitchburg will allow a reasonable accommodation in their Zoning Ordinance concerning the use of the above-referenced properties as a sober house for disabled persons recovering from alcohol or drug addiction."

22. On June 9, 2014, Plaintiff received a letter from Assistant City Solicitor, Mark A. Goldstein, ESQ., informing me that all three court cases/docket #'s 14H5C000298, 14H5C000299, 14H5C000300 had been dismissed.

23. On July 10, 2014, Plaintiff received a Certified Letter from Lt. Sally Tata from the City of Fitchburg Fire Prevention Bureau, informing me that because of my letter submitted to the City of Fitchburg dated May 5, 2014, requesting a "Reasonable Accommodation," that Plaintiff was now in violation of the city's fire prevention code. This action shows that the Plaintiff has been constantly attacked by the city with violations that should have been either dismissed because of the corrections that were made or excused because of the "Reasonable Accommodations" given by the city.

24. On February 20, 2015, Plaintiff received another Certified Letter from The Fitchburg Fire Prevention Bureau, this time from Chief, Kevin Roy and Lt. Phil Jordan. This letter was to inform me that under M.G.L. c. 148 and 26H, Plaintiff had to immediately install sprinkler systems in all my properties. Plaintiff asserts that this is yet another attack using the law that does not apply here because of the designation of the type of houses that are

operated under the current law. Because the house is considered a boarding home then this law doesn't apply, yet, the City, because of their not liking the sober houses (as describes in several cases across the country) tried again use this law to stop the sober house from existing, understanding the cost of a sprinkler system is more than the actual value of the home. Furthermore, this is also considered a violation of Federal law because the law discriminates against people that are considered disabled by federal law. The application of Massachusetts General law is evidence enough that the city is Abusing the process for the motive not stated. They are using whatever means at their disposal to shut down the sober house owned by the Plaintiff.

25. On April 9, 2015, Plaintiff received three more certified letters (one for each property) from The Fitchburg Fire Department summoning Plaintiff to appear in The Worcester Housing Court on May 1, 2015. On May 1, 2015, Plaintiff appeared in court again representing myself, and Plaintiff was opposed by Fitchburg Assistant City Solicitor, Mark Goldstein, Lt. Phil Jordan, and Chief, Kevin Roy. This case was again handled by Judge Diane H. Horan.

26. On July 17, 2015, Plaintiff was summoned back to Worcester Housing Court on contempt of court charges, because Judge Horan ruled against me without ever informing me. The contempt charges were removed because the judge didn't give me the proper notice as she said she would. At that time, Plaintiff informed Judge Horan that Plaintiff could not afford to install sprinkler system in each of the property. But in accordance with federal law but would instead lower occupancy to 5 people per house until this case was closed or further adjudicated by a higher court. According to Massachusetts' law, if the occupancy is reduced to 5 people, then the sprinkler system would not be necessary.

27. On July 28, 2015, Plaintiff received a letter from Assistant City Solicitor, Mark A. Goldstein, which read, "Per your statement in court on July 17, 2015, that you would not be installing sprinkler systems, we will need a letter saying as much." He also said that if Plaintiff agrees to allow The City of Fitchburg Fire Department to make "Sporadic inspections to verify the number of individuals residing in the properties," that he would

dismiss all the court cases. Plaintiff explained that while the sober houses would love to settle in this matter, the process of sporadically inspecting persons with disabilities is a violation of ADA, FHAA, and HIPPA Laws. The inspections were based not on the safety of the residents in question but if there were drugs and alcohol on the premises because of the nature of the type of house in question. That type of inspection violates the 4th amendment search and seizure laws and places the residents in a situation where their constitutional right would be disregarded. The City is looking for a type of control that cannot be provided based on state, federal and the Constitution.

28. On August 11, 2015, Plaintiff received another Certified Letter informing me that The Fitchburg Fire Department, along with Assistant City Solicitor, Mark A. Goldstein were taking me back to Worcester Housing Court for the same violations, on September 25, 2015.

29.  On August 17, 2015, Plaintiff was notified by one of the residents at 33 Garnet Street, that we had a huge orange "Cease and Desist," sticker on the front door.  Plaintiff immediately went to Fitchburg City Hall to inquire about why we had the sticker. Plaintiff was notified by Building Inspector, John Moran that a door had been installed illegally at the back of the house and that it was a $300.00 dollar fine for doing work without a permit. Plaintiff explained that the old door broke on Saturday and that Plaintiff had no choice in replacing it right away because of the hazard it imposed. Inspector Moran, along with Commissioner Lanciani insisted that Plaintiff had to pay the $300.00 dollar fine and that there was no getting around it. When Plaintiff asked for the statue stating this, no one in the office could find it. This again shows the City is using the law as an abuse of process to try to get Plaintiff to cease and desist all operations. The placing of a "Cease and Desist" order based on broken door without notice or reason shows that the city is looking for any violation to close the sober homes because they don't want them there. It also is causing emotional distress on Plaintiff and the residents that dwell in the home.

It is these actions and more as to why Plaintiff felt he has no choice but to file suit to protect his investment, his business and, more importantly, the disabled people that live in the dwelling thinking that they will have no place to live. The City is under state and federal law not to discriminate against the civil rights of the individuals that live in that sober house and Plaintiff is asking for Injunctive relief and damages.

## Claims for Relief

### Count One
### ATTORNEYS' FEE, EXPENSES, AND COST

Plaintiff realleges as if fully set forth herein the allegations contained in the paragraphs above.
Because of the following infractions and the need to engage an Attorney.
Plaintiff asserts that Attorneys fees be paid in association with State and Federal laws.

### Count Two
### ABUSE OF PROCESS

Plaintiffs hereby reallege and hereby incorporate them by reference as if fully set forth herein paragraphs above.

Plaintiffs Jeffrey D. Summers, Jeffrey's House Inc., asserts that Plaintiff and its residents were subject to an excessive amount of abuse by the defendants by using the legal process and the improper interpretation of current federal and state laws. This abuse caused damages suffered by the Plaintiff and the residents of the sober houses owned by the Plaintiff.

Plaintiff asserts that because of the abuse that is characterized by using legal process as a weapon in forcing Plaintiff to make unnecessary changes, spend money on Lawyers fees

and trying to force him to close, all with reasonable accommodations and repairs were made on the premises of all the homes owned by the plaintiff.

Plaintiff asserts that defendants used their power to initiate and enforce process of civil matters in the courts for what is asserted as using for an ulterior purpose and it has caused damages suffered by the Plaintiff. In this based on the Send Restatement of Tort section 682 using legal process to accomplish something not designed can result in legal harm.

**Count Three**
**PRIVATE NUISANCE**

Plaintiffs hereby re-alleges all paragraphs and all claims for relief and incorporate them by reference into this account.

Plaintiff also asserts that defendant unreasonably and substantially interfered with the use and enjoyment of his property.

Plaintiff also asserts that Defendants violated the Private Nuisance law of Massachusetts by continuing to try and close Plaintiffs property. Continuous fines, court summons, lawsuits and unnecessary visits have taken a toll on Plaintiff as well as the residents of the Sober Homes owned and operated by Plaintiff.

## Count Four
## VIOLATION OF THE AMERICANS WITH DISABILITY ACT

Plaintiffs hereby re-alleges all paragraphs and all claims for relief and incorporate them by reference into this account.

The American with Disability Act was is designed and amended to protect people against discrimination based on disability. Jeffery's House by definition and incorporation is a sober house or a house designed to aid residents in recovering from alcohol and drug addiction. And according to the ADA, Alcohol and drug addiction is considered s disability. Plaintiff asserts that the Defendants discriminated against the residents of Jeffery's house because of the fact that they are recovering alcoholics and drug addicts.

As early as February 2, 2013, when the defamatory article was written in the Worcester Telegram and Gazette, Plaintiff Jeffrey D. Summers, informed the City of Fitchburg and its officials that the residents in his houses were disabled and therefore protected under ADA and FHAA laws.

Assistant City Solicitor, Mark A. Goldstein, Building Commissioner, Robert Lanciani, Fire Prevention Bureau Lts., Sally Tata, and Phil Jordan, intentionally and willfully conspired with one another to grant Plaintiff, a reasonable accommodation, to end one court case in one safety department of the government, only to then the same accommodation against Plaintiff in starting another court case.

Defendants' repeated selective enforcement of the law for the benefit of similarly situated property owners (namely fraternity houses and dormitories located near the campus of Fitchburg State University, the city's number one employer) and against the Plaintiffs violated Plaintiffs' rights to equal protection of the laws.

## Count Five
## VIOLATION OF THE FAIR HOUSING ADMINISTRATION AMENDMENTS ACT

Plaintiffs hereby reallege all paragraphs of all counts and incorporate them by reference into this count.

The Fair Housing Amendment Act is designed to prohibit people to be discriminated against on the basis of race, color, religion, sex or national origin and then the protection was extended to people with disabilities.

Plaintiff Asserts that Defendants violated the FHAA by discriminating against the residents of Plaintiff sober houses and plaintiffs by not enforcing illegal state laws for people and intimidating Plaintiff for constant fines and "Cease and Desist" orders for very small infractions.

Plaintiff asserts that because of the amendments to the FHAA extending the protection of people with disabilities the defendants discriminated the right of housing for the residents based on the designation

## Count Six
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs hereby reallege all paragraphs of all counts and incorporate them by reference into this count.

Plaintiff asserts that parties acting as *individuals* intentionally tried to use whatever means they had to close the homes owned by Plaintiff. Plaintiff, being the owner of sober homes and understanding the reputation that cities as a whole do not like nor respect sober homes because of whatever issues can arise from those home. Plaintiff believes

because of this so-called reputation, the city officials in their capacity as individual citizens intended to inflict emotional damages on the Plaintiff and the inhabitants.

Plaintiff asserts that the Defendants' acts toward Plaintiffs have been intention, that they have shocked the conscience of the community and damages have come about.

## Count Seven
### INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS

Plaintiffs hereby reallege all paragraphs of all counts and incorporate them by reference into this count.

The Defendants' conduct has interfered with and damaged present and potential business relationships between Plaintiffs and his residents, as well as others in their professional community.

The residents are not wards or the state on or a part of a state-run system that would place them with Plaintiff. Residents privately sign contracts with Plaintiff to live in this environment to recover from the disabilities and get better. The constant aggravation and irritation caused by the abuse of process are having a major effect on the resident's recovery. Because they are under contacts and essentially private paying Plaintiff for providing a safe and healing environment, Plaintiff is asserting that the attitudes and actions of the city and its officials named are interfering with Plaintiff right to earn a living.  As a result, Plaintiffs' ability to earn a living has been damaged and he has endured financial losses.

## Prayer for Relief

WHEREFORE the Plaintiffs demand judgment against the Defendants, in an amount to be determined by this litigation, together with interest and cost and trial by jury on all counts and all issues.

## Demand for Jury Trial

Plaintiffs respectfully demand a trial by jury on all issues to the full extent provided by law.

WHEREFORE Plaintiffs, Jeffrey D. Summers and Jeffrey's House Inc., pray for judgment:

1. Awarding Plaintiffs compensatory damages, with interest;
2. Awarding Plaintiffs punitive damages;
3. Awarding Plaintiffs cost, including reasonable attorney's fee, pursuant to 42 U.S.C.A 1985, 42 U.S.C. 1988 and G.L. c. 12 11I.
4. Granting Plaintiffs appropriate injunctive and declaratory relief.
5. Granting such other and further relief as the Court may deem just and proper

Respectfully Submitted


Marcus L. Scott, Esq
ScottCollins, LLP
North Andover, MA 01845
BBO#692433