UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
DOCKET NUMBER
1:15-CV-13358-DJC

JEFFREY D. SUMMERS,
And
JEFFREY'S HOUSE, INC.
              Plaintiffs
V.
CITY OF FITCHBURG, and
MARK A. GOLDSTEIN,
INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS
ASSISTANT CITY SOLICITOR OF
THE CITY OF FITCHBURG; and
JEFFREY P. STEPHENS,
 INDIVIDUALLY AND IN HIS OFFICIAL
 CAPACITY AS HEALTH INSPECTOR
 OF THE CITY OF FITCHBURG; and
JOHN J. MORAN SR.,INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS
 BUILDING INSPECTOR OF
THE CITY OF FITCHBURG; and
ROBERT LANCIANI, INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY AS
BUILDING COMMISSIONER OF THE
CITY OF FITCHBURG; and PHIL JORDAN,
SALLY TATA, AND KEVIN ROY, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITIES AS
LIEUTENANTS AND CHIEF OF
THE CITY OF FITCHBURG FIRE PREVENTION
BUREAU; AND OTHER AS YET UNNAMED
OFFICIALS OF THE CITY OF
FITCHBURG; INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY AS
OFFICIALS OF THE CITY OF FITCHBURG,
 Defendants

**COMPLAINT**

Jurisdiction

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. The Massachusetts Declaration of Rights, M.G.L.A. c. 12 s. 11H-I, and M.G.L.A. c. 258, where citizens allege violations of their federal constitutional rights and of a state constitutional rights and a state statute in transactions and occurrences taking place within this district.

## Parties

1.  Jeffrey D. Summers is the President, Director, and Clerk of Jeffrey's House, Inc., a 501 © (3) tax exempt organization that is active with the Massachusetts Secretary of State's Office and the Internal Revenue Service.

2. Jeffrey's House Inc., has a mailing address of 51 Grace Street, Malden, Massachusetts 02148, and has been operating sober homes in Fitchburg, Massachusetts since 2012. The addresses of the homes are 499 Water Street, Fitchburg, MA, 10 Burnett Street, Fitchburg, MA, 33 Garnet Street, Fitchburg, MA , and 205-207 High Street, Fitchburg, MA.

3. Mark A. Goldstein, Esquire, was the Assistant City Solicitor of The City of Fitchburg, at the time of all transactions and occurrences that are the subject of this complaint and has an office address of 144 Central Street, Suite 101, Gardner, MA 01440.

4. Jeffrey P. Stephens and Stephen Curry of Fitchburg, Massachusetts were both Health Inspectors at the time of all transactions and occurrances that are the subject of this complaint.

5. John J. Moran SR., of Fitchburg, Massachusetts was the Building Inspector at the time of all transactions and occurrances that are the subject of this complaint.

6.  Robert Lanciani of Fitchburg, Massachusetts was the Building Commissioner at the time of all transactions and occurrances that are the subject of this complaint.

7. Kevin Roy of Fitchburg, Massachusetts was the Chief of the Fitchburg Fire Department at the time of all occurrances that are the subject of this complaint.

8. Phil Jordan of Fitchburg, Massachusetts was the Lieutenant of the Fitchburg Fire Department at the time of all occurrances that are the subject of this complaint.

9. Sally Tata of Fitchburg, Massachusetts was the Lieutenant of the Fitchburg Fire Department at the time of all occurrances that are the subject of this complaint.

10. The City of Fitchburg is a municipality, being a government entity organized under the laws of the Commonwealth of Massachusetts and subject to the duties and

requirements imposed by the Massachusetts Declaration of Rights, The U.S. Constitution and applicable state and federal law.

Preliminery Statement

11.

Plaintiff Jeffrey D. Summers is the President and Director of Jeffrey's House Inc., a 501 (c) (3) public charity, that provides residential sober housing for individuals in recovery from a substance abuse disorder, by grouping them with like minded individuals in a drug and alcohol-free environment.  The premise of sober housing to help people recovering from drug and alcohol abuse live with individuals that are also recovering from the same sickness and give support to each other, similar to the methods developed and perfected in AA.

Mr. Summers bought the homes, made all of the necessary repairs and opened each home with the purpose of helping people in the community recover from drug and alcohol addiction.

Plaintiff is asserting the because of the nature of the sober house and the issues that come with having sober houses in a community. The City of Fitchburg Massachusetts and its city officials have conspired to use the process to intimidate and close the sober houses by either invoking laws that should not be enforced or by trying to financially bankrupt the charity and displace the people that are trying to recover from addiction. Plaintiff asserts that the charity and the residence of the sober homes are protected by state a federal law and the persistance of trying to fine, levy antiqauted rules when permissions were granted and by ordering uneccssary or uneeded repairs that cost more than what the homes are worth. By using the legal process and trying to financially destroy the owners of the sober homes, the City of Fitchburg is using less than honoarble means to deter or hinder the recovery of it inhabitants and violating Federal laws regarding the discrimination against people with disabilities. Furthermore, it is the Plaintiffs assertion that while the city is violating Federal Law by discriminating against the residence of the sober homes in Fitchburg, they are also resorting to tactics designed to inflict emotional distress on each residence as they feel that their exit of the sober home is imminent because of the tactics emplyed by the City. Plaintiff has on several occasions received

3

memo's, fines, and notices that come directly from the residents of the homes instead of using the proper channels of notifying the owner as they have his name, his address and his phone number. The employing these means of intimidation and abuse of the legal process has caused the residents to fear for their recovering and seek other less secure places to live. In essence seeking other places to live can put their recovery in jeopardy and cause each individual to re-engaged in the same behavior that led them down the path of drug abuse. Jeffery House is not run by the city nor is it city funded. It is a private for profit business where each resident is essentially a client of the home and has Plaintiff has a responsibility to maintain a dwelling that accomodates each of the residents that have disabilities. Plaintiff asserts that the actions taken by the city are also interferring with Plaintiff's contractual relationships with the his residents.

Plaintiff is seeking injunctive relief and damages.

General Allegations

13. On **February 2, 2013** Health Inspector Stephen Curry made disparaging and untrue statements about our organization in an article in the Worcester Telegram and Gazette, written by Paula J. Owens. Mrs. Owens contacted me for a rebuttal and I informed her that we were a sober house not a lodging house, and that all of our residents were disable and covered under The Americans with Disabilities Act (ADA). Building Commissioner, Robert Lanciani was quoted in the article saying that, " A lodging house desination means the home must comply with state building codes, including a sprinkler system and fire alarms."

14. On **April 13, 2013**, Health Inspector, Jeffrey P. Stephens came to 499 Water Street unannounced to perform a building inspection. He was there for approximately one hour and upset several of the residents before leaving with a list of alleged violations. Plaintiff, a licensed Construction Supervisor (CSL), found it unusual that the Health Inspector was doing a residential building inspection. However, on April 17, 2013, Inspector Stephens

returned to 499 Water Street along with Building Inspector, John Moran, and the two of them found additional violations.

15. On **May 13, 2013** Health Inspector, Jeffrey Stephens and Building Inspector, John Moran returned to 499 Water Street to re-inspect the previous "Violations," that were fixed, but they said the improvements weren't satisfactory.

16. On **August 21, 2013** Plaintiff was "strongly advised" to come to a meeting at Fitchburg City Hall, 166 Boulder Drive, to discuss my alleged "Illegal occupancy," at which time Plaintiff was told to cease and desist all operations. At that meeting were Health Inspectors Jeffrey Stephens and Stephen Curry, Building Commissioner, Robert Lanciani, and Building Inspector, John Moran.

17. On **September 11, 2013** Building Inspector, John Moran and Health Inspector Jeffrey Stephens returned to 499 Water Street, and signed off that "All violations corrected."

On **December 5, 2013** Plaintiff received a letter from Building Commissioner, Robert Lanciani to property located at 10 Burnett Street, ordering Plaintiff to cease and desist because of an alleged violation of the zoning ordinance. This is after all of the violations were corrected as ordered previously.

18. On **January 22, 2014** Plaintiff received another letter from Building Commissioner, Robert Lanciani to property located at 33 Garnet Street, ordering to cease and desist because of an alleged violation of the zoning ordinance.

19. On **March 18, 2014** Plaintiff received a Summons and Order of Notice, at all Fitchburg properties owned by Plaintiff and at Plaintiff's home address from Asst. City Solicitor, Mark Goldstein, to appear in Housing Court on **April 25, 2014**.

20. On **April 25, 2014**, Plaintiff appeared in Worcester Housing Court, at which time all three houses were combined into one case/docket. Representing the City of Fitchburg were Building Commissioner, Robert Lanciani and City Solicitor, Mark Goldstein; Plaintiff appeared Pro Se. Both sides presented their evidence to Judge Diane H. Horan,

and she ruled that Plaintiff could continue operating the sober houses. City Solicitor, Goldstein and Building Commissioner, Lanciani insisted that Plaintiff request in writing to be allowed a "Reasonable Accommodation," from the City of Fitchburg.

21. On **May 5, 2014** Plaintiff wrote Building Commissioner, Robert Lanciani a letter requesting a "Reasonable Accommodation,' from the City of Fitchburg's Zoning ordinance, and on **May 30, 2014** Building Commissioner, Lanciani acknowledged my request. In granting my request, Commissioner Lanciani wrote, "Based upon the above, The City of Fitchburg will allow a reasonable accommodation in their Zoning Ordinance concerning the use of the above referenced properties as a sober house for disabled persons recovering from alcohol or drug addiction."

22.  On **June 9, 2014,** Plaintiff received a letter from Assistant City Solicitor, Mark A. Goldstein, ESQ., informing me that all three court cases/docket #'s 14H5C000298, 14H5C000299, 14H5C000300 had been dismissed.

23. On **July 10, 2014**, Plaintiff received a Certified Letter from Lt. Sally Tata from the City of Fitchburg Fire Prevention Bureau, informing me that because of my letter submitted to the City of Fitchburg dated **May 5, 2014** requesting a "Reasonable Accommodation," that Plaintiff was now in violation of the city's fire prevention code. This action shows that the Plaintiff has been constantly attacked by the city with violations that should have been either dismissed because of the corrections that were made or excused because of the "Reasonable Accomodations" given by the city.

24. On **February 20, 2015,** Plaintiff received another Certified Letter from The Fitchburg Fire Prevention Bureau, this time from Chief, Kevin Roy and Lt. Phil Jordan. This letter was to inform me that under M.G.L. c. 148 and 26H, Plaintiff had to immediately install sprinkler systems in all my properties. Plaintiff asserts that this is yet another attack using the law that does not apply here because of the designation of the type of houses that are operated under the current law. Because the house is considered a borading home then this law dosen't apply, yet, the City, because of their not liking the

6

sober houses (as descibes in several cases across the coutry) tried to again use this law to stop the sober house from existing understanding the the cost of a sprinkler system is more than the actual value of the home. Furthermore, this is also considered a violation of Federal law because the law discriminates against people that are considered disabled by federal law. The application of Massachusetts General law is evidence enough that the city is Abusing the process for the motive not stated. They are using whatever means at their disposal to shut down the sober house owned by the Plaintiff.

25. On **April 9, 2015**, Plaintiff received three more certified letters (one for each property) from The Fitchburg Fire Department summonsing me to appear in The Worcester Housing Court on **May 1, 2015**.  On **May 1, 2015**, Plaintiff appeared in court again representing myself, and Plaintiff was opposed by Fitchburg Assistant City Solicitor, Mark Goldstein, Lt. Phil Jordan, and Chief, Kevin Roy. This case was again handled by Judge Diane H. Horan. Both sides presented their evidence and Judge Horan said she'd inform us of her decision through the mail.

26. On **July 17, 2015**, Plaintiff was summonsed back to Worcester Housing Court on contempt of court  charges, because Judge Horan ruled against me without ever informing me. The contempt charges were removed because the judge didn't give me the proper notice as she said she would. At that time Plaintiff informed Judge Horan that Plaintiff could not afford to install sprikler system in each of the property. But in accordance with federal law but would instead lower my occupancy to 5 people per house until this case was closed or further adjudicated by a higher court. According to the law, if the occupancy was reduced to 5 people, then the sprikler system woould not be necessary.

27. On **July 28, 2015** Plaintiff received a letter from Assistant City Solicitor, Mark A. Goldstein, that said, "Per your statement in court on **July 17, 2015** that you would not be installing sprinkler systems, we will need a letter saying as much." He also said that if Plaintiff agrees to allowThe City of Fitchburg Fire Department to make "Sporadic inspections to verify the number of individuals residing at the properties," that he would

dismiss all the court cases. Plaintiff explained that while the sober houses would love to settle in this matter, the process of sporatically inspecting persons with disabilities is a violation of ADA, FHAA, and HIPPA Laws. The inspections were based not on the safety of the residents in question but if there were drugs and alcohol on the premises because of the nature of the type of house in question. That type of inspection violates the 4th amendment search and seizure laws and places the residents in a situation where their constitutional right woould be disregarded. The City is looking for a type of control that cannot be provided based on state, federal and the Consitution.

28. On **August 11, 2015**, Plaintiff received another Certified Letter informing me that The Fitchburg Fire Department, along with Assistant City Solicitor, Mark A. Goldstein were taking me back to Worcester Housing Court for the same violations, on **September 25, 2015.**

29.  On **August 17, 2015**, Plaintiff was notified by one of the residents at 33 Garnet Street, that we had a huge orange "Cease and Desist," sticker on the front door.  Plaintiff immediately went to Fitchburg City Hall to inquire about why we had the sticker. Plaintiff was notified by Building Inspector, John Moran that a door had been installed illegally at the back of the house and that it was a $300.00 dollar fine for doing work without a permit. Plaintiff explained to him that the old one broke on Saturday, and that Plaintiff had no choice in replacing it right away because of the hazard it imposed. Inspector Moran, along with Commissioner Lanciani  insisted that Plaintiff had to pay the $300.00 dollar fine and that there was no getting around it. When Plaintiff asked for the statue stating this, no one in the office could find it. This again shows the the City is using the law as an abuse of process to try to get Plaintiff to cease and desist all operations. The placing of a "Cease and Desist" order based on broken door without notice or reason shows that the city is looking for any violation to close the sober homes because they don't want them there. It also is causing emotional distress on Plaintiff and the residents that dwell in the home.

It are these actions and more as to why Plaintiff felts he has no choice but to file suit to protect his investment, his business and more importantly the disabled people that live in

8

the dwelling thinking that they will have no place to live. The City is under state and federal law not to discriminate against the civil rights of the individuals that live in that sober house and Plaintiff is asking for Injuctive relief and damages.

## Claims for Relief

### Count One
### (ATTORNEYS' FEE, EXPENSES, AND COST)

Plaintiff realleges as if fuly set forth herein the allegations contained in the paragraphs 1-above

### Count Two
### **(ABUSE OF PROCESS)**

31. Plaintiffs hereby re-allege and hereby incorporate them by reference as if fully set forth here in paragraphs 1-30.

32. Plaintiffs Jeffrey D. Summers, Jeffrey's House Inc., asserts that Plaintiff and its residents were were subject to an excessive amount of abuse by the defendants by using the legal process and the improper interpretation of current federal and state laws. This abuse caused damages suffered by the Plaintiff and the residents of the Sober houses owned by the Plaintiff. Plaintiff asserts that because of the abuse that is characterized by using beauracy as a weopon in forcing Plaintiff to make unneccassry changes, spend mney on Lawyers fee all with reasonable accomadations and repairs were made on the premisis of all of the homes owned by the plaintiff.

Plaintiff assert that defendants used their power to initiate and enfore process of civil matters in the courts for what is asserted as using for an ulterioir purpose and it has casued damages suffered by the Plaintiff.

Count Three
(CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS)

31. Plaintiffs hereby re-allege and hereby incorporate them by reference as if fully set forth here in paragraphs 1-30.

32. Plaintiffs Jeffrey D. Summers, Jeffrey's House Inc., asserts that Plaintiff and its residents were were the targets by Defendants to deprive a specific class of people their rights defined in the ADA and the FHAA. Plaintiff asserts that the ADA classifies residents living in a sober house with diagnosis of addiction to alcohol are disabled and protected under the ADA, the FHAA and the Federal civil rights laws. The city of Fitchburg Massachusetts and its official in individuals and as a collective body has consipired to interfere and deprive residents their rights.

Count Four
(VIOLATION OF THE AMERICAN WITH DISABILITY ACT)

34. Plaintiffs hereby realleges all paragraphs and all claims for relief and incorporate them by reference into this account.

35. The American with Disability Act was is designed and amended to protect people against discrimination based on disability. Jefferey's House by definition and incorporation is a sober house or a house designed to aid residents in recovering from alcohol and drug addiction.  And according to the ADA, Alchohol and drug addiction is considered s disability. Plaintiff asserts that the Defedants discriminated against the residents of Jeffereys house because of the fact that they are recovering alchaholics and drug addicts

As far back as February 2, 2013, when the defamatory article was written in the Worcester Telegram and Gazette, Plaintiff Jeffrey D. Summers, informed the City of Fitchburg and its officials that the residents in his houses were disabled and therefore protected under ADA and FHAA laws.

36. Assistant City Solicitor, Mark A. Goldstein, Building Commissioner, Robert Lanciani, Fire Prevention Bureau Lts., Sally Tata, and Phil Jordan,  intentionally and willfully conspired with one another to grant Plaintiff, a reaonable accommodation, to end one court case in one safety department of the government, only to then the same accomodation against Plaintiff in starting another court case.

37. Defendants' repeated selective enforcement of the law for the benefit of similarly situated property owners (namely fraternity houses and dormortories located near the campus of Fitchburg State University, the city's number one employer) and against the Plaintiffs violated Plaintiffs' rights to equal protection of the laws and the privileges and immunities of  citizenship enumerated in U.S.CA. Const. Amend. 5 and U.S.C.A. Const. Amend. 14.

Count Five
(VIOLATION OF THE FAIR HOUSING ADMINISTRATION AMENDMENTS ACT)

Plaintiffs hereby re-allege all paragraphs of all counts and incorporates them by reference into this count.

39. The Fair Housing Amendment Act is designed to prohibit people to be discriminated against on the basis of race, color, religion, sex or national origin and then the protection was extended to people with disabilities.

xx. Plaintiff Asserts that Defendants violated the FHAA by discriminating against the residents of Plaintiff sober houses and plaintiffs by not enforcing illegal state laws for people and intimidating Plaintiff for constant fines and "Cease and Desist" orders for very small infractions.

40. Plaintiff asserts that because of the amendments to the FHAA extending the protection of people with disabilities the defandents discriminated the right of housing for the residents based on the designation

Count Six
(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

38. Plaintiffs hereby re-allege all paragraphs of all counts and incorporates them by reference into this count.

39. All Defendants knew or should have known that they subjected Plaintiff, Jeffrey D. Summers to a stark deprivation of his constitutionally protected property and dignitary interests.

40. Defendants' acts toward Plaintiffs shock the conscience of a civilized community.

41. Defendants' acts toward Plaintiffs constitute negligently and intentionally inflicted emotional distress.

Count V.
(INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONS)

45. Plaintiffs hereby re-allege all paragraphs of all counts and incorporates them by reference into this count.

46. The Defendants' conduct has interfered with and damaged present and potential business relationships between Plaintiffs and his residents, as well as others in their professional community.

47.  Plaintiff purchased another property located at 205-207 High Street, Fitchburg, Massachusetts approximately one year ago, but has gone through great pains to hide it from city officials in order to protect the residents,  avoid additional harrassment, and to avoid being hauled into court.

12

48. As a result, Plaintiffs' ability to earn a living has been damaged and he has endured financial losses.

Prayer for Relief

WHEREFORE the Plaintiffs demand judgement against the Defendants, in an amount to be determined by this litigation, together with interest and cost and trial by jury on all counts and all issues.

Demand for Jury Trial

Plaintiffs respectfully demand a trial by jury on all issues to the full extent provided by law.

WHEREFORE Plaintiffs, Jeffrey D. Summers and Jeffrey's House Inc., pray for judgement:

1. Awarding Plaintiffs compensatory damages, with interest;
2. Awarding Plaintiffs punitive damages;
3. Awarding Plaintiffs cost, including reasonable attorney's fee, pursuant to 42 U.S.C.A 1985, 42 U.S.C. 1988 and G.L. c. 12 11I.
4. Granting Plaintiffs appropriate injunctive and declaratory relief.
5. Granting such other and further relief as the Court may deem just and proper.

Dated: September 15, 2015                    Respectfully submitted,
                                             Jeffrey D. Summers, and

Jefffrey's House, Inc.
By Jeffrey D. Summers, Pro SE

_____

13

Jeffrey D. Summers, Pro SE
51 Grace Street
Malden, MA 02148
617-680-6247
sumjeff44@gmail.com