UNITED STATES DISTRICT
COURT DISTRICT OF MASSACHUSETTS

DOCKET NO. 1:15-cv-13358-DJC

JEFFREY D. SUMMERS and JEFFREY'S HOUSE, INC.,

**PLAINTIFFS**

v.

CITY OF FITCHBURG, MARK A. GOLDSTEIN, Individually and in his Official Capacity as Assistant City Solicitor of the City of Fitchburg, JEFFREY P. STEPHENS, Individually and in his Official Capacity as Health Inspector of the City of Fitchburg, JOHN J. MORAN SR., Individually and in his Official Capacity as Building Inspector of the City of Fitchburg, ROBERT LANCIANI, Individually and in his Official Capacity as Building Commissioner of the City of Fitchburg, PHIL JORDAN, SALLY TATA and KEVIN ROY, Individually and in their Official Capacities as Lieutenants and Chief of the City of Fitchburg Fire Prevention Bureau; and Other as Yet Unnamed Officials of the City of Fitchburg, Individually and in their Official Capacity as Officials of the City of Fitchburg.,

**DEFENDANTS.**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPPORT OF A MOTION FOR SUMMARY JUDGMENT**

**PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT.**

1. Jeffery Summers purchased 4 properties from 2012 to 2014, including properties located at 499 Water St., 10 Bernett Street, 33 Garnett St. and 205/.207 High St. Exhibit 1, pp.22-23 Summers opened up sober homes at these locations.

2. Sober homes are described as homes which help individuals in recovery from drugs and alcohol live together to provide peer support in order to provide peer support to one another while assuming certain house-relate responsibilities. Sober Homes are established for the goal of recovery.

3. Residents are required to take part in regular attendance at Alcoholics Anonymous and/or Narcotics Anonymous, depending upon their individual needs and dependencies.

ENFORCEMENT ISSUES

4. On January 22, 2014 Plaintiff Jeffrey Summers received a letter from the city with a notice of zoning in violations at 33 Garnett St. Exhibit _____.

5. The Assistant City Solicitor, defendant, Mark Goldstein ("Goldstein"), initiated an enforcement action in Worcester Housing Court. Stating Plaintiff's Summer's did not address/correct violation.

6. At the hearing occurred on April 25, 2014, violations regarding each of the plaintiff's properties were heard by Housing Court.

7. At the hearing, Summers informed the court that the individuals who reside at the sober homes should be regarded as disabled given their recovery from alcohol and/or dependency. Plaintiff requested that the City accordingly a reasonable accommodation from the City's zoning laws. Id., pp.100-102

## INTRODUCTION

Plaintiff, in this matter, is Jeffrey Summers, operator of numerous sober homes in Fitchburg. Listed above are Defendants, the City, and named Fitchburg Officials in charge of enforcing regulations: the legal questions arise in this case regarding the enforcement of law(s) as specified in Summary Judgment argument. Plaintiff asserts that sober homes are discriminated by the city of Fitchburg and that the City, with its agents and named officials who failed to provide a reasonable accommodation plan. Arguments for these assertions are included in this document. Plaintiff further asserts that even if the Massachusetts Zoning Act is applicable law in certain situations, Defendants' use of the law is factually incorrect and without merit. Federal Law defined persons recovering from addiction as disabled persons who are covered under the Americans with Disability Act, and as such, are due reasonable accommodations which the City did not provide.

## STATEMENT OF THE CASE AND MATERIAL FACTS

Plaintiff Summers runs Jeffrey's House, Inc., and he operates four sober homes in Fitchburg that are listed in earlier sections of both the Plaintiff and Defendants' complaints, and are undisputed locations in terms of material facts of this case.

Case law describes a sober house in question as "all the residents have access to the entire house. Second, all the residents participate equally in the housekeeping functions of the house… Third, there is quality in the relationship among the residents. The emotional and mutual support and

bonding of Oxford House residents towards their recovery from drug addiction and alcoholism are the equivalent of the type of love and support received in a traditional family. Finally, the living arrangement is not based upon profit or motive. It is necessary that the proposed Oxford House be able to have a minimum of six (6) residents in order for the residents to ameliorate the effects of the diseases of alcoholism and drug addiction. By living with other persons who are in recovery, the residents should never to face an alcoholic or addict's deadliest enemy: loneliness and isolation. 16

Oxford House Inc. v. Browning 2017 WL 3140744

## **Procedural Summary**

Plaintiff's filed his Complaint on October 13, 2015 and an Amended Complaint on February 18th, 2016. Defendants filed a Motion to Dismiss each count contained in the Amended Complaint. On September 16, 2016, the court dismissed Counts One through Three, Count Six, and Count Seven. The Court further dismissed Plaintiff's claims under the ADHA and FHAA in the form of disparate treatment or impact or imposition for building permit fines under counts IV and V. The Court denied Defendants motions as to the ADA and FHAA claims regarding reasonable accommodation on the same counts.

Regarding the Plaintiff's Amended Complaint, the court ruled against other claims but for one count adding a claim for conspiracy for interfering with civil rights. Currently Plaintiff's active claims include the aforementioned and Plaintiff's claims (under the reasonable accommodation

claims under the ADA and FHAA, as they relate to the fire sprinkler statute and Massachusetts Zoning Act.

In summary, as to the court's September 2016 Order, the only active counts now remaining are the Plaintiff's claims under the reasonable accommodation claims under the ADA and FHAA, which pertain directly to the fire sprinkler statute and Massachusetts Zoning Act, and the claim for Conspiracy to Interfere with Civil Rights.

**City Enforcement of Zoning**

The City enforcing of zoning order are relevant to the issue before the court. The law as it applies to the City's enforcement of the sprinkler law. Procedural history of the initial complaint details the sequence of events earlier counts, now dismissed, leading to the active count as the city's enforcement of the sprinkler law, and how the law applies and was enforced by the city as it applies to the plaintiffs accepts of Jeffery's House.

**The City's Enforce of the Sprinkler Law**

Lt. Tata of Fitchburg's Fire Prevention Bureau notified Plaintiff in the summer of 2014 that three of his sober homes were required pursuant to Massachusetts General Law(s), MGL Chapter 148, section 26H, to install a fire suppression system (sprinkler system).

The estimated cost of thirty-five to forty thousand **($30-40k)** dollars for such a sprinkler system is cost prohibitive to Summer's and to Jeffrey House, Inc., and Plaintiff's argument is beyond the scope of "reasonable accommodation of a disabled/ disabled persons."  Plaintiff argues that defendants are discriminating against sober homes by requiring disabled individuals to be subject to the sprinkler law when it is not also applied to other dwellings of six or more non-related individuals.

**STANDARD OF REVIEW:**

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Summary judgment may be issued on all claims or certain claims of the lawsuit. Issuance of summary judgment is primarily based on the following two factors:

1. There are no genuine issues of material fact which requires a trial to resolve, and
2. The movant is entitled to judgment as a matter of law.

*Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.* held that in determining whether a genuine issue of material fact exists, the court must view the facts and all reasonable inferences drawn from those facts in the light most favorable to the Defendants. The Supreme Court remanded the case for a determination of whether there was sufficient, unambiguous evidence that the Defendants hand conspired irrationally. For a fact to be taken as material, it must have the ability to affect the outcome of the suit given applicable law.

The Supreme Court ruled in *Celotex Corp. v. Catrett* that a movant may meet its burden of production by pointing out the inadequacy of the Defendants' evidence. Now this change in summary judgment law paved the way for a new and more lenient burden for Plaintiffs who do not bear the burden of persuasion at trial. The law was reiterated in *Anderson v. Liberty Lobby, Inc.*, where it was held that in order for an issue to be genuine, there must be a sufficient evidentiary basis on which a reasonable jury could find for the Defendants. It described the standard of review as "whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." The evidence in support of plaintiff's case must be such that the jury could reasonably find for the plaintiff. Since *Anderson,* a dispute will not be considered genuine unless

a reasonable jury could return a verdict for the Defendants based upon the evidence viewed 1) in the light most favorable to the Defendants, and 2) through the prism of the standard of proof that will apply at trial.

**Argument**

**Federal Law designates people in recovery as protected by the ADA and the FHA**

To establish whether or not the Plaintiff and the inhabitants of the Plaintiff's sober homes were in fact protected under the ADA, the court need not look for established case law to show that the Plaintiff's accusation of the city of Fitchburg violated both the ADA and the FHA. Defendants did not follow the guidelines of the reasonable accommodation or applied the state laws regarding the sprinkler systems, did not honor the sprinkler system or allowing inhabitants to live in peace based on the limitation of their life that have been well defined in the ADA and in established case law.

While in the past, those recovering from addiction were not covered under the Americans with Disabilities act, this is no longer true. The honorable courts of Massachusetts have now clearly eradicated this ambiguity. As stated in *Jones* v. *City of Boston*, "Individuals who are recovering from an addiction to drugs may be disabled in the meaning of the ADA, as the statute aims to protect them from the stigma associated with their addiction." Jones v. Boston, 752 F.3d 38, 58 (1st Cir. 2014). *cf. Bailey v. Georgia–Pac. Corp.,* 306 F.3d 1162, 1167 (1st Cir.2002) (holding that "alcoholism is an impairment" under the ADA). The honorable court goes further and states, "The Act also covers those who are regarded as having a physical or mental impairment,

so long as the perceived impairment is not "transitory and minor." 42 U.S.C. § 12102(1)(c), (3). Such discrimination need not be blatant and may come as a result of continual denials of reasonable accommodation, or refusal to honor such reasonable accommodation requests. *Oxford House Inc.* v. *Browning*, 2017 WL 3140744. Such discrimination can also come by not honoring or enforcing the accommodation as it was prepared and granted by the city. While the plaintiff received NOTICE of the reasonable accommodation request, the defendants have failed to honor such a request. By not enforcing the reasonable accommodation as asked for and received. If it was determined by the request that a reasonable, which documents in the record suggest, then the city by measure of the law had to honor such request for the benefit of the inhabitants. The violation here in the present case is the same as in the case law referenced. The city of Fitchburg ignored that the inhabitants who were protected under ADA and the city incorrectly and maliciously applied flaw state laws in dealing with the building and zoning administration of the Sober homes in the city. Such a violation is covered by both Federal law referencing the ADA and also the FHA in dealing with the housing the recovery inhabitants were also a part of.

**<u>The City did not honor the Reasonable Accommodation granted to the Plaintiff</u>**

The argument the Plaintiff bases its opposition as stated before. There was a granting of a Reasonable Accommodation given to the Sober Homes in the present case. The Massachusetts Legal help establishes that the Reasonable Accommodation was developed as a part of state laws to grant people with disabilities the right to be granted and accommodation that would aid the disabled to live in their homes on their property. The operative word being "reasonable." In the present case, it is established through the record that a request was made by the Solicitor to the Plaintiff to request a reasonable accommodation. A request was made, but regardless of the

granting, the Plaintiff still was assessed several civil fines. These civil fines establish fines that were levied on the Plaintiff regardless of the reasonable accommodation granted. There was a number of fines and the remote nature of the fines assessed. Plaintiff fines were established in the record by Robert Lanciani, chief Building supervisor for the city of Fitchburg when in deposition he testified that $300 civil fines were the least assessed. Before any fines are assessed, the home owners would in fact contacted and in his words, the city would "work with" the violator before any fines would be assessed. Here, we see a defiant city not following the regulations or actions of the city, ignoring the reasonable accommodations, and levying fines on Plaintiff. That is a direct violation of the reasonable accommodation that was granted.

**The request for a reasonable accommodation was made.**

To first establish reasonable accommodation, there must indeed by a request. (Legrande). As pointed out in both the deposition of Robert Lanciani and Philipp Jordan of the city of Fitchburg. Plaintiff did in fact ask for a reasonable accommodation from the city accordingly, because of the installation of the sprinkler systems would be considered an undue burden since the price and expense in houses should not exceed the value of the houses themselves. Based on the fact that people recovering from the alcohol and drug abuse are indeed protected under the ADA, the state following a proper request as defined in the deposition presented to both Lanciani and Jordan the City Solicitor, did in fact issue a reasonable accommodation. However, as stated in both depositions, that accommodation was not properly enforced by the city with effect of the Plaintiff receiving citations from the city because the sprinkler systems were not installed in each of the houses own by the Plaintiff and his entity. Since a reasonable accommodation was in fact given by the city, it has a duty to not enforce the sprinkler laws because of the undue hardship and burden it caused. Also, the enforcement of such laws shows that discrimination took place

because the administration decided to enforce such laws even after a reasonable accommodation was given.

### The city did not use due diligence or Good Faith to grant or enforce the Reasonable Accommodation

As stated in law, a Reasonable Accommodation is granted in good faith and granted based on the request of the grantee by process. Examples provided for the records show that the Plaintiff did request a Reasonable Accommodation, the direction of the solicitor, and the records reflect that the buildings manager and the fire chief was aware of such a transaction. Plaintiff asserts that the granting and subsequent ignoring of the reasonable accommodation were evident with regards to key people involved in issuing and enforcing the grant. Robert Lanciani had testified that he did not know much about what a reasonable accommodation even though it was evident that he was a part of the granting. Fire Chief Philip Jordan also admitted to not knowing about any issue with the reasonable accommodation even though the city issued the granting months before. What the city allowed even after admitting it was not a normal process, the city conversely spent an ample amount of time assessing fines on the proper for minor infractions.

### The Enforcement of the sprinkler laws where against state laws because there was not enough work done to the house to constitute a major upheaval of a home.

Case law established early that with the installation of the sprinkler system there has to be established new construction in a home; or in cases like this, there has to be a determination of the changes or remodeling of a home so substantial that the home is "just like new" that then and only them that there will be a requirement to install sprinkler system because of the new or like new construction that has taken place (Oxnard). Furthermore, it was established that such a determination requires a proper hearing and the proper adaption of the law to make sure the fairness of such a request for sprinklers to be installed in the home. Here, Plaintiff asserts that no

such evaluation was made and the Fire Chief's office and the zoning board offices made a determination without taking into consideration what changes were done to the houses, if those changes where considered minor or major and if those changes fit under the established state and federal laws. Plaintiff asserts that there was no due diligence in determining if the if the home was in fact a candidate for sprinkler systems, other than the fact that the homes had some remodeling done or that the homes were being used as sober homes. Plaintiff asserts that any requirement of sprinklers is void because of the lack of determination of new or like new construction, by the determination of the work that was done, the rationale for the sprinklers requirement, and reason client was not granted a specific hearing.  The plaintiff has the right in this matter to question the requisite fire chief and building managers to answer such questions under oath as they were in depositions.

Conclusion

While party reserves to add or supplement argument. We pray for Motion for Summary Judgment be denied.

Respectfully Submitted,

Marcus L. Scott, Esq.

BBO 692433

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

Dated: December 13, 2017

_____
Marcus L. Scott, Esq. BBO# 692433
30 Massachusetts Avenue Suite 203
North Andover, MA 01845
(978) 269-0505

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent this day to those participants indicated as non-registered participants.

Dated: December 12, 2017

_____
Marcus L. Scott, Esq. BBO# 692433
30 Massachusetts Avenue Suite 203
North Andover, MA 01845
(978) 269-0505