# United States Court of Appeals
## For the First Circuit

---

No. 18-1725

JEFFREY D. SUMMERS and JEFFREY'S HOUSE INC.,

Plaintiffs, Appellants,

v.

CITY OF FITCHBURG ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Denise J. Casper, U.S. District Judge]

---

Before

Barron, Selya, and Boudin,
Circuit Judges.

---

Marcus L. Scott, with whom Barbara Collins and ScottCollins, LLP were on brief, for appellants.
Gregor A. Pagnini, with whom Leonard H. Kesten, Deidre Brennan Regan, and Brody, Hardoon, Perkins & Kesten, LLP were on brief, for appellees.
Maura Healey, Attorney General, and Julie E. Green, Assistant Attorney General, on brief for Commonwealth of Massachusetts, amicus curiae.

---

October 8, 2019

---

**SELYA**, <u>Circuit Judge</u>. This appeal arises from the enforcement of a state law by the City of Fitchburg (the City). That law requires the plaintiffs to install sprinklers in the four sober houses that they operate for recovering addicts. The plaintiffs claim that the City's refusal to exempt the sober houses from the sprinkler requirement violates the reasonable accommodation provisions of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and the Fair Housing Act, 42 U.S.C. §§ 3601-3631, as amended by the Fair Housing Amendments Act (FHAA). The district court granted summary judgment for the defendants — the City and a coterie of municipal officials — on the ground that the plaintiffs failed to show that an exemption from the sprinkler requirement was either reasonable or necessary to allow recovering addicts to live in and benefit from the sober houses. Discerning no error in the district court's conclusion that the requested accommodation was not reasonable, we affirm.

I. BACKGROUND

We briefly rehearse the relevant events and travel of the case, taking the facts and all reasonable inferences therefrom in the light most agreeable to the non-moving parties (here, the plaintiffs). See <u>Avery</u> v. <u>Hughes</u>, 661 F.3d 690, 693 (1st Cir. 2011).

Plaintiffs-appellants Jeffrey D. Summers and his nonprofit organization, Jeffrey's House, Inc., operate four sober

- 2 -

houses in Fitchburg, Massachusetts. These facilities provide supportive residences for individuals recovering from alcohol and/or drug addiction. Starting in 2013, municipal officials began to enforce a variety of zoning and building-code provisions that they thought the plaintiffs were violating. As an example, at least three of the sober houses were apparently operating in violation of the use restrictions set forth in the City's zoning ordinance. At the plaintiffs' request, the City granted an accommodation under the ADA and the FHAA to allow the plaintiffs to operate those sober houses despite the use restrictions.

In July of 2014, municipal officials informed the plaintiffs that they were required, pursuant to a state law that applies to lodging or boarding houses with six or more unrelated residents, to install sprinkler systems in the three sober houses they were then operating. See Mass. Gen. Laws ch. 148, § 26H (the Sprinkler Law). The plaintiffs were given six months to bring their sober houses into compliance but did not do so. Consequently, the City fined them $1,000 and instituted an enforcement action in the local housing court. Cf. id. § 27 (authorizing a fine for "[a]ny owner of a building who, within six months after having received an order from the marshal under section twenty-six, fails to comply with the requirement of such order").

- 3 -

At a housing court hearing in the summer of 2015, the plaintiffs suggested that, pending resolution of the dispute over the sprinkler requirement, they would reduce the occupancy of each sober house to five or fewer residents (thus rendering the Sprinkler Law inapplicable). Municipal officials asked the plaintiffs to memorialize this suggestion in writing and agree to allow sporadic inspections to verify the reduced occupancy. At that point, the plaintiffs balked: they reneged on the offer, asserting that the Sprinkler Law did not apply to sober houses, that periodic inspections would disrupt the residents, and that the cost of sprinklers would be prohibitive.

This dispute simmered until September 14, 2015, when the plaintiffs sued the City and a number of municipal officials in the United States District Court for the District of Massachusetts. Their complaint raised a gallimaufry of federal and state claims focused on the defendants' efforts to enforce the zoning ordinance and building code. The district court dismissed most of the complaint under Federal Rule of Civil Procedure 12(b)(6) (including the claims of disparate treatment and disparate impact under both the ADA and the FHAA) but allowed the plaintiffs to proceed with their reasonable accommodation claims under the same statutes.

After the completion of discovery, the district court granted the defendants' motion for summary judgment on the

- 4 -

remaining claims. As to the reasonable accommodation claims, the court concluded that the plaintiffs had failed to show that their myriad concerns about the sprinkler requirement (including its cost and the specter of disruption to residents from sporadic inspections) rendered an accommodation to the Sprinkler Law either reasonable or necessary. The court also determined that the plaintiffs had voluntarily withdrawn any proposal to reduce occupancy to fewer than six residents per sober house.

This timely appeal ensued. In it, the plaintiffs challenge only the district court's entry of summary judgment on their ADA and FHAA reasonable accommodation claims.

**II. ANALYSIS**

We review the district court's entry of summary judgment de novo. See Avery, 661 F.3d at 693. "We will affirm only if the record reveals 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)).

In this instance, appellate review is simplified by the procedural posture in which the appeal arrives on our doorstep. The Local Rules of the United States District Court for the District of Massachusetts provide in pertinent part:

> Motions for summary judgment shall include a concise statement of the material facts of record as to which the moving party contends there is no genuine issue to be tried, with page references to affidavits, depositions and

> other documentation. . . . A party opposing
> the motion shall include a concise statement
> of the material facts of record as to which it
> is contended that there exists a genuine issue
> to be tried, with page references to
> affidavits, depositions and other
> documentation. . . . Material facts of record
> set forth in the statement required to be
> served by the moving party will be deemed for
> purposes of the motion to be admitted by
> opposing parties unless controverted by the
> statement required to be served by opposing
> parties.

D. Mass. R. 56.1. When the defendants moved for summary judgment, they filed the required statement of undisputed material facts. Although the plaintiffs filed a brief statement of their own with their opposition, they did not respond to the vast majority of the defendants' factual assertions and included only two citations to documents in the record.

We have made it plain that "'[v]alid local rules are an important vehicle by which courts operate' and 'carry the force of law.'" Schiffmann v. United States, 811 F.3d 519, 525 (1st Cir. 2016) (quoting Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994)). Rules like Local Rule 56.1 "were developed by the district courts in this circuit in response to this court's concern that, absent such rules, summary judgment practice could too easily become a game of cat-and-mouse, giving rise to the 'specter of district court judges being unfairly sandbagged by unadvertised factual issues.'" Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (quoting Stepanischen v. Merchs.

- 6 -

Despatch Transp. Corp., 722 F.2d 922, 931 (1st Cir. 1983)). Here, the plaintiffs flouted Local Rule 56.1 and allowed the defendants to map the boundaries of the summary judgment record. Such actions have consequences, and the district court deemed the defendants' statement of undisputed material facts admitted. Given the clarity of Local Rule 56.1 and the important function that it serves, the district court was fully justified in limiting the summary judgment record to the four corners of the defendants' statement of undisputed material facts. See United States v. McNicol, 829 F.3d 77, 80-81 (1st Cir. 2016); Schiffmann, 811 F.3d at 524-25. For the same reasons, we too deem the defendants' statement of undisputed material facts admitted and, thus, treat those facts as controlling.

Although the plaintiffs attempt to raise a plethora of claims in this venue, their only preserved claims involve their challenge to the City's refusal to exempt the sober houses from the Sprinkler Law under the FHAA and the ADA. The FHAA bars discriminatory housing practices based on an individual's handicap. 42 U.S.C. § 3604(f). Among other prohibitions, the statute "outlaws discrimination 'in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap' of an individual." Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urban Dev., 620 F.3d 62, 66 (1st Cir. 2010)

- 7 -

(quoting 42 U.S.C. § 3604(f)(2)). Title II of the ADA more broadly prohibits public entities (such as the City) from discriminating based on disability. See 42 U.S.C. § 12132. Both statutes apply to municipal zoning and building-code decisions. See Valencia v. City of Springfield, 883 F.3d 959, 967 (7th Cir. 2018).

As a general matter, three theories of liability are cognizable under the FHAA and the ADA: disparate treatment, disparate impact, and failure to make reasonable accommodations. See Nunes v. Mass. Dep't of Corr., 766 F.3d 136, 144-45 (1st Cir. 2014) (ADA); Astralis, 620 F.3d at 66 (FHAA). The plaintiffs' arguments on appeal rest on the reasonable accommodation theory. In this regard, the FHAA defines discrimination to include "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a handicapped individual] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B). To prevail on such a reasonable accommodation claim, a plaintiff must show a qualifying handicap, the defendant's actual or constructive knowledge of that handicap, a request for a specific accommodation that is both reasonable and necessary to allow the handicapped individual an equal opportunity to use and enjoy the particular housing, and the defendant's refusal to make the requested accommodation. See Astralis, 620 F.3d at 67. In a similar vein, the ADA requires that a public entity "make reasonable

modifications in policies, practices, or procedures when . . . necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i). For present purposes, the elements of reasonable accommodation claims under the FHAA and the ADA do not differ in any meaningful respect. See Valencia, 883 F.3d at 967 & n.9; cf. Astralis, 620 F.3d at 66 (explaining that case law under the ADA "is generally persuasive in assessing handicapped discrimination claims under the FHAA"). Because both the district court's rescript and the parties' briefs discuss the plaintiffs' reasonable accommodation claims under the rubric of the FHAA, we follow that path. Additionally, we assume — solely for ease in exposition — that recovering addicts qualify as handicapped individuals and that municipal officials knew of the handicap at all times relevant to this litigation.[1]

The plaintiffs' argument proceeds along the following lines. Installing sprinklers in the sober houses would be costly. Without relief from this requirement, the plaintiffs would have to either raise the prices charged to recovering addicts or reduce

---

[1] The FHAA refers to an individual's "handicap" rather than his "disability" (the term favored by the ADA). There is no substantive difference between the two terms. See Oconomowoc Residential Programs, Inc. v. City of Milwaukee, 300 F.3d 775, 782 (7th Cir. 2002). In deference to the rubric of the FHAA, we use the term "handicap" throughout this opinion.

the occupancy of the sober houses. Either way, fewer individuals would be able to enjoy the benefit of residing in the sober houses. Enforcing the Sprinkler Law would, therefore, threaten the recovery of the displaced residents and undermine the vital purpose that sober houses serve.

This argument does not withstand scrutiny because the plaintiffs fail to show that their request for an exemption from the Sprinkler Law is reasonable. Inasmuch as the requested accommodation fails the reasonableness requirement, we start — and end — there.

The reasonableness requirement calls for a factbound balancing of the benefits that would accrue to the handicapped individual against the burdens that the accommodation would entail. See Valencia, 883 F.3d at 968; Anderson v. City of Blue Ash, 798 F.3d 338, 362 (6th Cir. 2015); Scoggins v. Lee's Crossing Homeowners Ass'n, 718 F.3d 262, 272 (4th Cir. 2013). The burdens that may be given weight in this balancing include both financial costs and practical detriments to the City, as well as less tangible effects on the public. See Valencia, 883 F.3d at 968. Typically, "[a]n accommodation is 'reasonable' when it imposes no 'fundamental alteration in the nature of the program' or 'undue financial and administrative burdens'" on the defendant. Batista v. Cooperativa de Vivienda Jardines de San Ignacio, 776 F.3d 38, 43 (1st Cir. 2015) (quoting Howard v. City of Beavercreek, 276

F.3d 802, 806 (6th Cir. 2002)).  Thus, a plaintiff is not entitled to a waiver of a zoning or building-code rule if the waiver "is so 'at odds with the purposes behind the rule that it would be a fundamental and unreasonable change.'"  Valencia, 883 F.3d at 968 (quoting Oconomowoc Residential Programs, Inc. v. City of Milwaukee, 300 F.3d 775, 784 (7th Cir. 2002)).

That a requested accommodation poses a threat to public safety has obvious relevance to the reasonableness of the accommodation.  See Scoggins, 718 F.3d at 272-73; Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment, 284 F.3d 442, 462-63 (3d Cir. 2002).  This case is a paradigmatic example of that principle: exempting the plaintiffs from installing sprinklers would not be a reasonable accommodation because such an exemption would thwart the very salutary purpose of the Sprinkler Law.  After all, sprinkler laws play a critical role in fire prevention and, thus, in public safety.  Making this point, the Commonwealth of Massachusetts has asserted, in an amicus brief, that exempting the sober houses from the sprinkler requirement would create an unacceptable safety risk to both the residents and the public. The plaintiffs have offered us no reason to doubt the truth of this commonsense assertion.  Residents of a sober house and those who live nearby are entitled to the same state-mandated level of protection against fires as their fellow community members.

- 11 -

The plaintiffs' argument for an exemption from the Sprinkler Law fails in light of the City's strong interest in protecting public safety. Many building-code rules with safety justifications impose costs on the owner or occupant of a dwelling. Without a specific showing that the financial burden of the building-code rule outweighs its safety justification, the desire to alleviate those costs is, on its own, insufficient to render an accommodation reasonable. Here, the plaintiffs provide no basis for finding that the financial burden of compliance with the Sprinkler Law is somehow disproportionate to the public safety gains that flow from requiring them to install sprinklers. The closest that they come is their naked estimate that installing sprinklers would cost between $35,000 - $40,000 for each sober house. Yet there is no evidence as to the financial status of either the plaintiffs or the residents. Nor is there any evidence of the extent to which the cost of the sprinklers, amortized over their useful life, would affect prices charged to residents. Seen in this light, the plaintiffs' suggestion that the cost of installing sprinklers is unreasonable is woven entirely out of wispy strands of speculation and surmise. And beyond a temporary disruption during construction, the record evidence does not show that installing sprinklers would interfere with the therapeutic benefits that the residents reap from living in the sober houses. On this record, there is no principled way for us to conclude that

- 12 -

the sober house residents would accrue enough financial and/or therapeutic benefits from a Sprinkler Law exemption to outweigh the safety risks that they and the public would face if the plaintiffs were allowed to forgo sprinklers.[2]

The plaintiffs have a fallback position. They argue that the record reflects factual disputes as to whether municipal officials engaged in good faith to reach an agreed-upon accommodation with respect to the Sprinkler Law. The premise on which this argument rests is sound: "[t]he HUD guidelines contemplate that parties may engage in an 'interactive process' to discuss the need for the accommodation and possible alternatives if the [defendant] refuses to grant a requested accommodation on the ground that it is not reasonable." Astralis, 620 F.3d at 68 n.3 (quoting Joint Statement of Dep't of Hous. & Urban Dev. & Dep't of Justice, Reasonable Accommodations Under the Fair Housing Act 7 (May 17, 2004)). Consequently, a party's decision to "short-circuit[] the interactive process" may well be relevant in determining liability under a reasonable accommodation theory. Id. at 69.

Here, however, the conclusion that the plaintiffs draw is unsupported. Accepting the defendants' statement of undisputed

---

[2] Because the plaintiffs' request for an exemption from the Sprinkler Law fails the reasonableness requirement, we need not address the district court's additional conclusion that the requested accommodation was also unnecessary.

material facts, as we must, see D. Mass. R. 56.1, we discern no evidentiary basis from which a reasonable factfinder could conclude that municipal officials did not attempt in good faith to resolve their differences with the plaintiffs.  For instance, municipal officials agreed to an exemption from the zoning ordinance's use restrictions once the plaintiffs formally requested an accommodation.  So, too, the notice of the Sprinkler Law violations gave the plaintiffs a six-month grace period to achieve compliance.  See Mass. Gen. Laws ch. 148, § 27.  And in response to the plaintiffs' proposal to reduce the occupancy of each sober house to fewer than six residents, the City reasonably requested that the plaintiffs memorialize such a commitment in writing and allow periodic inspections.  The plaintiffs then withdrew their reduction-of-occupancy proposal rather than agree to the City's conditions.[3]  These undisputed facts amply demonstrate that municipal officials worked with the plaintiffs to ensure that the sober houses complied with state and local laws even in the face of the plaintiffs' intransigence.

To say more about the reasonable accommodation claim would be to paint the lily.  The record on appeal is defined by

---

[3] The plaintiffs contend that the district court misinterpreted the record in concluding that they withdrew their reduction-of-occupancy proposal.  Given the plaintiffs' failure to contest the defendants' statement of undisputed material facts, we reject this contention.

the plaintiffs' failure to controvert the defendants' statement of undisputed material facts, and nothing in that record supports the plaintiffs' conclusory allegations that municipal officials either harassed them for years or failed to give fair consideration to their accommodation requests. The bare fact that the City did not yield to the plaintiffs' entreaty for an exemption from the Sprinkler Law does not, without more, evince a lack of good faith.[4]

In a last-ditch effort to salvage their case, the plaintiffs claim that the Sprinkler Law discriminates against disabled individuals because it exempts certain structures (e.g., buildings that house six or more family members, fraternity houses and dormitories, rest homes, and licensed group homes). See id. § 26H; cf. Brockton Fire Dep't v. St. Mary Broad St., LLC, 181 F. Supp. 3d 155, 157 (D. Mass. 2016) (finding application of Sprinkler Law to sober houses violative of Massachusetts Zoning Act for this reason). Fairly viewed, this argument is an attempt to challenge the district court's dismissal of the plaintiffs' disparate treatment and disparate impact claims. Withal, the argument is

---

[4] In their appellate briefing, the plaintiffs conflate the distinct disputes that arose over the zoning ordinance and the Sprinkler Law. The two disputes began at different times, and the parties resolved the dispute over the zoning ordinance before the City sent notice threatening to impose fines if the plaintiffs did not install sprinklers. The City's decision to grant a reasonable accommodation with respect to the zoning ordinance did not give the plaintiffs carte blanche to ignore other zoning and building-code provisions.

not developed in any meaningful way and, thus, is waived. See Campbell v. Ackerman, 903 F.3d 14, 18 n.4 (1st Cir. 2018) (deeming waived any argument "made in a cursory manner bereft of any developed rationale"); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (similar).

### III. CONCLUSION

We need go no further. For the reasons elucidated above, the judgment of the district court is

**Affirmed.**

- 16 -